IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **CLICK-TO-CALL TECHNOLOGIES LP**, | § <br> § <br> § |
| **Plaintiff,** | § <br> § <br> § |
| vs. | § Civil Action No. 1:12-cv-00468 <br> § |
| **ORACLE CORPORATION; ORACLE OTC SUBSIDIARY LLC; DELL, INC.; CARNIVAL CRUISE LINES; THE HARTFORD FINANCIAL SERVICES GROUP, INC.; BMO HARRIS BANK N.A.; ALLSTATE INSURANCE COMPANY; ESURANCE INSURANCE SERVICES, INC.; HSBC FINANCE CORPORATION; AND MACY'S INC.,** | § **JURY TRIAL DEMANDED** <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |
| **Defendants.** | |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Click-to-Call Technologies LP ("CTC" or "Plaintiff") files this First Amended Complaint for patent infringement against Defendant Oracle Corporation and Oracle OTC Subsidiary LLC, and the following "Oracle Customer Defendants": Dell, Inc.; Carnival Cruise Lines; The Hartford Financial Services Group, Inc.; BMO Harris Bank N.A.; Allstate Insurance Company; Esurance Insurance Services, Inc.; HSBC Finance Corporation; and Macy's Inc. (all collectively, "Defendants").  Plaintiff alleges:

### THE PARTIES

1.  Plaintiff CTC is a Texas Limited Partnership, with its principal place of business in Austin, Texas.

2.  Defendant Oracle Corporation ("Oracle") is a Delaware corporation with its principal place of business at 500 Oracle Parkway, Redwood City, California 94065.

3.  Defendant Oracle OTC Subsidiary LLC ("OOTCS") is a wholly owned subsidiary of Oracle with its principal place of business at 500 Oracle Parkway, Redwood City, California

94065. OOTCS is the successor in interest to Art Technology Group, Inc. ("ATG") and eStara, Inc. ("eStara").

4. Defendant Dell Inc. ("Dell") is a Delaware corporation with its principal place of business at One Dell Way, Round Rock, Texas 78682.

5. Defendant Carnival Cruise Lines ("Carnival") is a wholly owned subsidiary of Carnival Corporation & PLC. Carnival is a Florida company with its principal place of business at 3655 N.W. 87th Avenue Miami, Florida 33178-2428. Carnival Corporation is duly organized and existing under the laws of the Republic of Panama with its principal place of business at 3655 N.W. 87th Avenue Miami, Florida 33178-2428, and Carnival PLC is duly organized and existing under the laws of England and Wales with its principal place of business at 5 Gainsford Street, London SE1 2NE, United Kingdom.

6. Defendant The Hartford Financial Services Group, Inc. ("Hartford") is a Delaware corporation with its principal place of business at One Hartford Plaza, Hartford, Connecticut 06155.

7. Defendant BMO Harris Bank N.A. ("Harris Bank"), a wholly owned subsidiary of Bank of Montreal, a Canadian corporation, is an Illinois company with its principal place of business at 111 W. Monroe St., Chicago, Illinois 60603.

8. Defendant Allstate Insurance Company ("Allstate") is an Illinois insurance company with its principal place of business at 2775 Sanders Road, Northbrook, Illinois 60062.

9. Defendant Esurance Insurance Services, Inc. ("Esurance"), an affiliate of Allstate, is a Delaware Corporation with its principal place of business at 650 Davis Street, San Francisco, California 94111.

2365307v1/012921

10. Defendant HSBC Finance Corporation ("HSBC") is a Delaware corporation with its principal place of business at 26525 North Riverwoods Boulevard, Suite 100, Mettawa, Illinois 60045.

11. Defendant Macy's, Inc. ("Macy's") is a Delaware corporation with its principal places of business at 7 West Seventh Street, Cincinnati, Ohio 45202 and 151 West 34th Street, New York, New York 10001.

**JURISDICTION AND VENUE**

12. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

13. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)–(c) and 1400(b) because this Court has personal jurisdiction over Defendants, and CTC has its principal place of business in this District.

14. Defendants have done business in this District, have committed acts of infringement in this District, and continue to commit acts of infringement in this District, entitling Plaintiff to relief.

15. Defendants are properly joined in this action because (1) certain infringing acts of Defendants arise out of the same transaction, occurrence or series of transactions or occurrences relating to the making, using, offering for sale, and selling of the same accused products and providing the same accused services in this action and (2) questions of fact common to all Defendants will arise in the action. Specifically, ATG and eStara are predecessors in interest to OOTCS, a wholly owned subsidiary of Oracle, and the Oracle Customer Defendants use Oracle's infringing software on their websites.

**BACKGROUND**

16. CTC is the owner of United States Patent 5,818,836 (the "'836 patent").

3

17.     The '836 patent was issued on October 6, 1998, and the PTO issued a reexamination certificate for the '836 patent on December 30, 2008. A true and correct copy of the '836 patent is attached hereto as Exhibit A.

## INFRINGEMENT OF U.S. PATENT 5,818,836

18.     Oracle has infringed and continues to infringe one or more claims of the '836 patent by its manufacture, use, sale, importation, licensing and/or offer for sale of its Oracle Commerce solutions and its e-commerce software and services, including Oracle Live Help On Demand, and including any predecessor products and/or services and any products and/or services which include implementing a telephony call initiated on a website or Internet Protocol interface. As more fully described in Paragraphs 28–30 below, Oracle also has infringed and continues to infringe one of more claims of the '836 patent by contributing to and actively inducing others to use, sell, import, and/or offer for sale infringing products and/or services. Oracle is liable for its infringement of the '836 patent pursuant to 35 U.S.C. § 271.

19.     OOTCS, and its predecessors in interest ATG and eStara, have infringed and continue to infringe one or more claims of the '836 patent by their manufacture, use, sale, importation, licensing and/or offer for sale of Oracle Commerce solutions and Oracle's e-commerce software and services, including Oracle Live Help On Demand, and including any predecessor products and/or services and any products and/or services which include implementing a telephony call initiated on a website or Internet Protocol interface. As more fully described in Paragraphs 28–30 below, OOTCS, and its predecessors in interest ATG and eStara, also have infringed and continue to infringe one of more claims of the '836 patent by contributing to and actively inducing others to use, sell, import, and/or offer for sale infringing products and/or services. OOTCS, and its predecessors in interest ATG and eStara, are liable for their infringement of the '836 patent pursuant to 35 U.S.C. § 271.

20.     Dell has infringed and continues to infringe one or more claims of the '836 patent by its manufacture, use, sale, importation, licensing and/or offer for sale of Oracle Commerce solutions and Oracle's e-commerce software and services, including Oracle Live Help On

4

Demand, and including any predecessor products and/or services and any products and/or services which include implementing a telephony call initiated on a website or Internet Protocol interface. As more fully described in Paragraphs 28–30 below, Dell also has infringed and continues to infringe one of more claims of the '836 patent by contributing to and actively inducing others to use, sell, import, and/or offer for sale infringing products and/or services through the dell.com website. Dell is liable for its infringement of the '836 patent pursuant to 35 U.S.C. § 271.

21. Carnival has infringed and continues to infringe one or more claims of the '836 patent by its manufacture, use, sale, importation, licensing and/or offer for sale of Oracle Commerce solutions and Oracle's e-commerce software and services, including Oracle Live Help On Demand, and including any predecessor products and/or services and any products and/or services which include implementing a telephony call initiated on a website or Internet Protocol interface. As more fully described in Paragraphs 28–30 below, Carnival also has infringed and continues to infringe one of more claims of the '836 patent by contributing to and actively inducing others to use, sell, import, and/or offer for sale infringing products and/or services through the carnival.com website. Carnival is liable for its infringement of the '836 patent pursuant to 35 U.S.C. § 271.

22. Hartford has infringed and continues to infringe one or more claims of the '836 patent by its manufacture, use, sale, importation, licensing and/or offer for sale of Oracle Commerce solutions and Oracle's e-commerce software and services, including Oracle Live Help On Demand, and including any predecessor products and/or services and any products and/or services which include implementing a telephony call initiated on a website or Internet Protocol interface. As more fully described in Paragraphs 28–30 below, Hartford also has infringed and continues to infringe one of more claims of the '836 patent by contributing to and actively inducing others to use, sell, import, and/or offer for sale infringing products and/or services through the thehartford.com website. Hartford is liable for its infringement of the '836 patent pursuant to 35 U.S.C. § 271.

23. Harris Bank has infringed and continues to infringe one or more claims of the '836 patent by its manufacture, use, sale, importation, licensing and/or offer for sale of Oracle Commerce solutions and Oracle's e-commerce software and services, including Oracle Live Help On Demand, and including any predecessor products and/or services and any products and/or services which include implementing a telephony call initiated on a website or Internet Protocol interface. As more fully described in Paragraphs 28–30 below, Harris Bank also has infringed and continues to infringe one of more claims of the '836 patent by contributing to and actively inducing others to use, sell, import, and/or offer for sale infringing products and/or services through the harrisbank.com website. Harris Bank is liable for its infringement of the '836 patent pursuant to 35 U.S.C. § 271.

24. Allstate has infringed and continues to infringe one or more claims of the '836 patent by its manufacture, use, sale, importation, licensing and/or offer for sale of Oracle Commerce solutions and Oracle's e-commerce software and services, including Oracle Live Help On Demand, and including any predecessor products and/or services and any products and/or services which include implementing a telephony call initiated on a website or Internet Protocol interface. As more fully described in Paragraphs 28–30 below, Allstate also has infringed and continues to infringe one of more claims of the '836 patent by contributing to and actively inducing others to use, sell, import, and/or offer for sale infringing products and/or services through the allstate.com website. Allstate is liable for its infringement of the '836 patent pursuant to 35 U.S.C. § 271.

25. Esurance has infringed and continues to infringe one or more claims of the '836 patent by its manufacture, use, sale, importation, licensing and/or offer for sale of Oracle Commerce solutions and Oracle's e-commerce software and services, including Oracle Live Help On Demand, and including any predecessor products and/or services and any products and/or services which include implementing a telephony call initiated on a website or Internet Protocol interface. As more fully described in Paragraphs 28–30 below, Esurance also has infringed and continues to infringe one of more claims of the '836 patent by contributing to and

2365307v1/012921

actively inducing others to use, sell, import, and/or offer for sale infringing products and/or services through the esurance.com website. Esurance is liable for its infringement of the '836 patent pursuant to 35 U.S.C. § 271.

26.     HSBC has infringed and continues to infringe one or more claims of the '836 patent by its manufacture, use, sale, importation, licensing and/or offer for sale of Oracle Commerce solutions and Oracle's e-commerce software and services, including Oracle Live Help On Demand, and including any predecessor products and/or services and any products and/or services which include implementing a telephony call initiated on a website or Internet Protocol interface. As more fully described in Paragraphs 28–30 below, HSBC also has infringed and continues to infringe one of more claims of the '836 patent by contributing to and actively inducing others to use, sell, import, and/or offer for sale infringing products and/or services through the hsbc.com website. HSBC is liable for its infringement of the '836 patent pursuant to 35 U.S.C. § 271.

27.     Macy's has infringed and continues to infringe one or more claims of the '836 patent by its manufacture, use, sale, importation, licensing and/or offer for sale of Oracle Commerce solutions and Oracle's e-commerce software and services, including Oracle Live Help On Demand, and including any predecessor products and/or services and any products and/or services which include implementing a telephony call initiated on a website or Internet Protocol interface. As more fully described in Paragraphs 28–30 below, Macy's also has infringed and continues to infringe one of more claims of the '836 patent by contributing to and actively inducing others to use, sell, import, and/or offer for sale infringing products and/or services through the macys.com website. Macy's is liable for its infringement of the '836 patent pursuant to 35 U.S.C. § 271.

28.     Upon information and belief, Defendants, through their use of products and services utilizing Oracle Commerce solutions and Oracle's e-commerce software and services, including Oracle Live Help On Demand, and including any predecessor products and/or services and any products and/or services which include implementing a telephony call initiated on a

website or Internet Protocol interface, have infringed and continue to infringe one or more claims of the '836 patent in violation of 35 U.S.C. §271(b) by inducing others to make, use, sell, or offer for sale within the United States, products and/or services that practice inventions claimed in the '836 patent. In particular, the Defendants' users and/or customers practice and directly infringe one or more claims of the '836 patent by, among other acts, accessing Defendants' websites, including but not limited to www.oracle.com, www.estara.com, www.dell.com, www.carnival.com, www.thehartford.com, www.harrisbank.com, www.allstate.com, www.esurance.com, www.hsbc.com, and/or www.macys.com, and utilizing Oracle Commerce solutions and Oracle's e-commerce software and services on those websites.

29. Moreover, Defendants allow and encourage visitors and users and/or customers of Defendants' websites, including but not limited to www.oracle.com, www.estara.com, www.dell.com, www.carnival.com, www.thehartford.com, www.harrisbank.com, www.allstate.com, www.esurance.com, www.hsbc.com, and/or www.macys.com, to utilize Oracle Commerce solutions and Oracle's e-commerce software and services, which creates a reasonable inference that the Defendants intended to have their users and/or customers practice the claimed systems and methods and therefore infringe one or more claims of the patent-in-suit. Because Defendants specifically intended to induce their users and/or customers to practice the inventions of the patent-in-suit and did so with knowledge of the patent-in-suit, the Defendants are liable for infringement under 35 U.S.C. §271(b).

30. Upon information and belief, Defendants, through their use of products and services utilizing Oracle Commerce solutions and Oracle's e-commerce software and services, including Oracle Live Help On Demand, and including any predecessor products and/or services and any products and/or services which include implementing a telephony call initiated on a website or Internet Protocol interface, have infringed and continue to infringe claims of the '836 patent in violation of 35 U.S.C. §271(c) by contributing to the making, using, selling, or offering for sale within the United States, products and/or services that practice inventions claimed in the '836 patent. Plaintiff incorporates by reference the allegations in the preceding paragraphs. In

addition, each user and/or customer utilizing Oracle Commerce solutions and Oracle's e-commerce software and services through Defendants' websites, including but not limited to www.oracle.com, www.estara.com, www.dell.com, www.carnival.com, www.thehartford.com, www.harrisbank.com, www.allstate.com, www.esurance.com, www.hsbc.com, and/or www.macys.com, practices the patent-in-suit. The accused systems cannot be used for purposes other than infringement. Because the accused systems and methods have no substantial non-infringing uses, Defendants are liable for contributory infringement.

31. Defendants' acts of infringement have caused damage to CTC, and CTC is entitled to recover from Defendants the damages it has sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial.

## WILLFUL INFRINGEMENT

32. Oracle's and OOTCS's infringement of the '836 patent is willful and deliberate, entitling Plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

33. On November 30, 2009, in response to a request from ATG for more information about the '836 patent, Steven DuVal, the '836 patent's inventor and owner at the time, sent ATG copies of the '836 patent publication, the re-examination certificate for the '836 patent, and a marketing brochure describing the '836 patent.

34. In November 2010, Oracle announced its agreement to acquire ATG. This transaction closed in early 2011.

## JURY DEMAND

35. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in their favor and against Defendants as follows:

a) Declaring that each Defendant has infringed directly, and/or indirectly, U.S. Patent 5,818,836;

  b) Permanently enjoining each Defendant, and its respective officers, agents, employees, and those acting in privity with each Defendant, from further infringement, contributory infringement, and/or inducing infringement of U.S. Patent 5,818,836;

  c) Awarding damages arising out of each Defendant's infringement of U.S. Patent 5,818,836, including enhanced damages, if applicable, pursuant to 35 U.S.C. § 284 together with prejudgment and post-judgment interest, in an amount according to proof;

  d) An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

  e) For such other costs and further relief as the Court may deem just and proper.

DATED: August 14, 2012        Respectfully submitted,

                By: */s/Brian D. Melton*
                   Brian D. Melton
                   State Bar No. 24010620
                   bmelton@susmangodfrey.com
                   SUSMAN GODFREY L.L.P.
                   1000 Louisiana Street, Suite 5100
                   Houston, Texas 77002
                   Telephone:  (713) 651-9366
                   Facsimile:  (713) 654-6666

                Lead Attorney for Plaintiff
                Click-to-Call Technologies LP

Max L. Tribble Jr.
State Bar No. 20213950
mtribble@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666

Ashley McMillian
State Bar No. 24070252
amcmillian@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666

Attorneys for Plaintiff
Click-to-Call Technologies LP

11

2365307v1/012921

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2012, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

          */s/ Brian D. Melton*
          Brian D. Melton